USDC SCAN INDEX SHEET

















LLS    7/23/98    8:34
3:98-CV-01347    SMITH V. CAPITAL ONE
*1*
*CMP.*

MICHAEL ERNEST DOUKAS, ESQ.
HAROLD M. HEWELL, ESQ. (NO.171210)

**DOUKAS & HEWELL**
835 FIFTH AVENUE, SUITE 415
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 235-6854
FACSIMILE: (619) 235-9122

FILED
98 JUL 22 PM 3: 14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'98 CV 1347 E  LSP

| | |
|---|---|
| DWIGHT SMITH and REGINA SMITH, individual consumers, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITAL ONE, and METRO COLLECTIONS, a subsidiary of CONCORDE BUSINESS SERVICES, <br><br> Defendants. | Civil Action No. <br><br> COMPLAINT FOR VIOLATIONS OF: THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692 ET. SEQ., FOR A CALIFORNIA COMMON LAW CAUSE OF ACTION, AND DEMAND FOR JURY TRIAL. |

Plaintiff alleges:

## I.

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and for a California common law cause of action that arose from the same nucleus of operative facts. Plaintiff respectfully demands a **Jury Trial**.

## II.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §§ 1692 et seq., and 28 U.S.C. § 1337. Supplemental jurisdiction for claims involving state common law arise out of 15 U.S.C. § 1367, because these claims involve the same transactions and nucleus of operative facts.



-1-

### III.

### PARTIES

3. Plaintiff DWIGHT SMITH ("Mr. SMITH"), is a natural person and individual residing in the County of San Diego, State of California, and has been alleged by Defendants to be a consumer debtor.

4. Plaintiff REGINA SMITH ("Ms. SMITH," or, collectively with Mr. SMITH, "the SMITHS," or "PLAINTIFFS"), is a natural person and individual residing in the County of San Diego, State of California, and has been alleged by Defendants to be a consumer debtor.

5. CAPITAL ONE is a business of unknown structure and unknown origin conducting business within the County of San Diego, California.

6. METRO COLLECTIONS ("METRO," or, collectively with CAPITAL ONE, "DEFENDANTS") is a business of unknown structure and unknown origin conducting business within the County of San Diego, California, and is a subsidiary of CONCORDE BUSINESS SERVICES. PLAINTIFFS are informed and believe and thereon allege that METRO regularly attempts to collect debts alleged to be due another, and is a "debt collector" within the definition of the FDCPA.

7. PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, the DEFENDANTS and DEFENDANTS' employees, each of them, were the agents and employees of each other, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment.

### IV.

### FACTUAL ALLEGATIONS

8. PLAINTIFF repeats, realleges, and incorporates by reference paragraphs 1 through 7 above.

9. CAPITAL ONE issued a credit card, account number 412174-1364117494 ("ACCOUNT"), in the name of Dwight Smith (Mr. SMITH).

10. On or about March 18, 1998, Equifax Risk Management Services ("EQUIFAX") sent Mr. SMITH a letter stating that the ACCOUNT had "not been paid" and had been placed with EQUIFAX for "collection procedures."

11. On or about June 16, 1998, Mrs. SMITH received a telephone call regarding collection on the ACCOUNT from a person identifying herself as "Sandy Parker" with METRO. Ms. Parker said Mr. SMITH

could settle the ACCOUNT three ways: (1) pay the alleged amount due of $1,482.36 in full within 48 hours; (2) pay $489.20 within 48 hours as a down payment on repayment of the debt, and pay off the balance by making payments of $50.00 per month until paid in full; or (3) send six postdated checks of $165.76 each by overnight mail to be deposited June-November, 1998. Mr. SMITH had not authorized METRO to communicate about the collection of the debt with Mrs. SMITH, so Mrs. SMITH told Ms. Parker she should discuss these things with Mr. SMITH, and not her. However, Ms. Parker told her that California law permitted her to pursue the debt with Mrs. SMITH. Mrs. SMITH told Ms. Parker she would relay the offer to Mr. SMITH.

12. On or about June 17, 1998, at approximately 5:21 p.m., Ms. Parker called again and said that Mr. SMITH could settle the entire ACCOUNT by paying about 70 percent of the alleged balance, or $1,031.60, as follows: $525.50 within 48 hours, and the balance on July 20, 1998. Mr. SMITH agreed to do so, and Ms. Parker said she would mail a written agreement to that effect.

13. On or about June 18, 1998, Ms. Parker called Mrs. SMITH to ask about the first payment, telling her to the effect that the 48-hour period for sending that payment was running out. That same day, at approximately 3 p.m., Mrs. SMITH sent the first payment by U.S. Postal Service express mail. However, Mrs. SMITH sent the payment to the address EQUIFAX had set forth in its letter to Mr. SMITH. This was because when Mrs. SMITH had asked Ms. Parker where she should send the money, Ms. Parker told her to send it to the address on the letter. At that time, the letter Mrs. SMITH had was from EQUIFAX. Also that same day, Mrs. SMITH called METRO and left a tracking number for the express mail package.

14. On or about June 19, 1998, Mr. SMITH received a letter from "Sandra Parker" and METRO containing an agreement slightly different from that understood by Mrs. SMITH from the June 17, 1998, conversation. The letter stated that the entire ACCOUNT could be settled by paying sending two postdated checks each in the amount of $530.19, to be received by METRO via Federal Express no later than noon, June 19, 1998, and with the first check dated June 19, 1998, and the dated July 20, 1998. Ms. Parker also called that same day, saying she had tracked the express mail package with the check to Texas, but that METRO was in Arizona. At that time, Mrs. SMITH looked at the express mail receipt and realized she had sent the check to the EQUIFAX address, rather than the correct METRO address, which she had just received with the repayment agreement. Mrs. SMITH then called the EQUIFAX mail room and explained her mistake; they told

-3-

her there that, if the envelope had METRO's name on it, they would forward it to METRO. Mrs. SMITH asked the party on the telephone to check into the matter further and was referred to another party who informed Mrs. SMITH that the package had been received, and because it pertained to CAPITAL ONE, and because EQUIFAX was contracted with CAPITAL ONE, the check was forwarded to CAPITAL ONE.

15. Later, on or about June 19, 1998, Mrs. SMITH then called Ms. Parker at METRO and explained these things to her. Ms. Parker then asked Mrs. SMITH for the second check. Mrs. SMITH stated that the check was not due until July 20, 1998, and that it would be mailed for that time. Ms. Parker rejected that, however, and insisted that the second check, for the balance, be sent at that time.

16. On or about July 1, 1998, the first check, number 2580, cleared the bank.

17. On or about July 2, 1998, Ms. Parker called Mrs. SMITH in an apparent state of fury and told Mrs. SMITH that CAPITAL ONE had never received any check. Ms. Parker then demanded that Mrs. SMITH authorized a "telephone check" for payment of $530.19 right then. Mrs. SMITH would not agree to do so, whereupon Ms. Parker told Mrs. SMITH in an abusive tone of voice that: Mrs. SMITH had not lived up to anything she had said to Ms. Parker; that the agreement was void; that Mrs. Parker was not "playing around;" and that she intended to go after the full amount of the alleged debt in a very aggressive manner.

18. On or about July 6, 1998, at approximately 9:50 a.m., Mrs. SMITH called her bank and confirmed that the first check had indeed cleared the bank on July 1, 1998, before Ms. Parker had called on July 2, 1998.

19. On or about July 7, 1998, at approximately 12:15 p.m., Ms. Parker called Mrs. SMITH and asked what Mrs. SMITH was going to do about paying the alleged balance. Mrs. SMITH, who had retained present counsel to represent her and Mr. SMITH in this matter, asked Ms. Parker to contact her attorney, and gave Ms. Parker the attorneys' telephone number. Ms. Parker continued to discuss the debt with Mrs. SMITH, telling her the alleged total balance was still owed, and that any previous agreement was no longer valid. Ms. Parker also told Mrs. SMITH that her collection efforts would not end with Mrs. SMITH having given her an attorney's number, and that Ms. Parker would still contact her on the ACCOUNT. METRO has had subsequent contacts with the SMITHS.

/////

/////

/////

after the full amount of the alleged debt in a very aggressive manner. METRO also violated this on or about July 7, 1998, when Ms. Parker called Mrs. SMITH and: continued to discuss the debt with Mrs. SMITH after being informed counsel had been retained; told her that any previous agreement was no longer valid; told her that collection efforts would not end with Mrs. SMITH having given her an attorney's number; and told her that Ms. Parker would still contact her on the ACCOUNT.

d. Section 1692e, which bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. METRO violated this by using the partial repayment agreement to induce payment, and then reneging by demanding payment in full.

e. Section 1692g(a), which provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-- (1)the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3)a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. METRO violated this by failing to provide such information.

f. Section 1692e(2)(A) which bars a debt collector from the false representation of the character, amount, or legal status of any debt. METRO violated this when Ms. Parker tried to collect money on the ACCOUNT that already had been paid with the

payment mailed on June 18, 1998, which cleared the bank on July 1, 1998, and which Ms. Parker denied had been paid.

    g.    Section 1692e(5), which bars a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. METRO violated this when Ms. Parker threatened to collect money on the ACCOUNT that already had been paid with the payment mailed on June 18, 1998, which cleared the bank on July 1, 1998, and which Ms. Parker denied had been paid.

## VI.
## SECOND CAUSE OF ACTION
## AGAINST BOTH DEFENDANTS
## NEGLIGENCE

22. Plaintiffs repeat and realleges and incorporates by reference Paragraphs 1 through 21 above.

23. DEFENDANTS had a duty of reasonable care to the Plaintiffs to communicate with each other and coordinate collection efforts against the SMITH, and to see that all payments were promptly credited to the ACCOUNT, so that METRO did not attempt to collect debts that were not owed.

24. DEFENDANTS breached that duty, in that Mr. SMITH was not properly credited with the payment mailed on June 18, 1998, which cleared the bank on July 1, 1998, and as a result, METRO tried to collect an amount which already had been paid.

25. As a proximate result of the above-described breach, the SMITHS have sustained damages in an amount to be proven at trial in that because of the breach, the SMITH have incurred legal costs and suffered extreme mental and emotional distress.

WHEREFORE, Plaintiffs pray for relief from Defendant METRO for the First Cause of Action, for violations of the FDCPA, as follows:

1. For actual damages;

2. For statutory damages of $1000 pursuant to 15 U.S.C. Section 1691c. (a);

3. For costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692e (d);

4. That Defendant take nothing and receive no attorney's fees whatsoever, regardless of the outcome of this matter, because this action is brought in good faith and not in an attempt to harass the defendants, in

-7-

accordance with 15 U.S.C. Sec. 1692k(a)(3).

WHEREFORE, Plaintiffs pray for relief from DEFENDANTS for the Second Claim for Relief for negligence as follows:

(a) For general damages in an amount to be proven at trial;

(b) For special damages in an amount to be proven at trial; and

(c) For such other and further relief as the court may deem proper.

DATED: 7/21, 1998.

DOUKAS & HEWELL

By: *[signature]*

Harold M. Hewell, Esq.

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DWIGHT SMITH and REGINA SMITH, individual consumers

## DEFENDANTS
CAPITAL ONE and METRO COLLECTIONS, a subsidiary of CONCORD BUSINESS SERVICES

FILED
98 JUL 22 PM 3:14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
HAROLD HEWELL, ESQ.   (BAR # 171210)
DOUKAS & HEWELL
835 FIFTH AVENUE, SUITE 415
SAN DIEGO, CALIFORNIA 92101
TEL. 619-235-6854

ATTORNEYS (IF KNOWN)
'98 CV 1347 E  LSP

## I. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC/Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), and for a California common law cause of action.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: July 21, 1998

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 040548   AMOUNT $150.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse
(Rev. 11/95)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant," is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.